UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN WILLIAMS, et al.,

                Plaintiffs,

    v.

CW TRANSPORT, LLC, et al.,

                Defendants.

CIVIL ACTION NO. 3:21-CV-01044

(MEHALCHICK, M.J.)

**MEMORANDUM**

Presently before the Court are two motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and a motion for a more definite statement under Fed. R. Civ. P. 12(e) brought by Defendants Saed A. Abdulle ("Abdulle") and CW Transport, LLC ("CW Transport") (collectively, the "Defendants"). (Doc. 24; Doc. 26). On September 22, 2021, the Court granted the unopposed motion to consolidate three cases individually brought by Plaintiffs Sean Williams ("Williams"), Jean Marie Dunn ("Dunn"), and Corey Medley ("Medley") (collectively, the "Plaintiffs"). (Doc. 21; Doc. 22). For the following reasons, the motion brought on June 30, 2021, shall be GRANTED and the motion brought on August 6, 2021, shall be DENIED in part and GRANTED in part. (Doc. 24; Doc. 26).

I.    BACKGROUND AND PROCEDURAL HISTORY

The above-captioned consolidated case arose out of a November 6, 2019, motor vehicle accident that occurred on Route 901 near Valley Road in Foster Township, Schuylkill County, Pennsylvania. (Doc. 21-4, at 4, 16, 30). On that date, Abdulle was operating a tractor-trailer on Route 901 when it was involved in a motor vehicle accident with another tractor-trailer operated by Medley, in which Williams was a passenger, and another vehicle operated by Dunn. (Doc. 21-4, at 4, 16, 30). On or about May 20, 2021, Williams initiated an action

by filing a complaint in the Pennsylvania County of Common Pleas. (Doc. 21-4, at 3).

Defendants timely removed William's lawsuit to the United States District Court for the

Eastern District of Pennsylvania, and based on the agreement of counsel, transferred the

lawsuit to the United States District Court for the Middle District of Pennsylvania, where the

accident occurred. (Doc. 21, at 2). On June 1, 2021, Dunn initiated an action by filing a

complaint in the Schuylkill County of Common Pleas. (Doc. 21-4, at 14). On or about June

24, 2021, Medley initiated an action by filing a complaint in the Schuylkill County of

Common Pleas.[1] (Doc. 21-4, at 29). Defendants timely removed both Dunn's and Medley's

lawsuits to the United States District Court for the Middle District of Pennsylvania. (Doc. 21,

at 3).

On June 30, 2021, Defendants filed a motion to dismiss for failure to state a claim

("June Motion").[2] (Doc. 24, at 1). On August 6, 2021, Defendants filed a motion to dismiss

for failure to state a claim and a motion for a more definite statement ("August Motion").

(Doc. 26, at 1). In the August Motion, Defendants first seek to dismiss Medley's claims of

---

[1] Medley's complaint lists three Defendants, CW Transport, LLC (a Minnesota Limited Liability Company), CW Transport, Inc. (a Pennsylvania Corporation), and CW Transport, LLC (a Maryland Limited Liability Corporation). (Doc. 21-4, at 29). On August 31, 2021, Defendants' counsel filed a stipulation to dismiss CW Transport, Inc. (a Pennsylvania Corporation), and CW Transport, LLC (a Maryland Limited Liability Corporation). *Medley v. Abdulle, et al.*, No. 21-CV-01339 (M.D. Pa. Aug. 31, 2021), ECF No. 8. The Court approved the stipulation, dismissing those parties without prejudice. *Medley*, No. 21-CV-01339 (M.D. Pa. Sept. 2, 2021), ECF No. 9.

[2] Defendants' June Motion seeks to strike from Dunn's complaint the following language in Paragraph 42: "includes, but is not necessarily limited to the following as discovery may show…" (Doc. 24, at 2; Doc. 24-1, at 12). Dunn does not oppose the striking of the quoted language, but retains the remaining allegations for the claim of negligent entrustment. (Doc. 32, at 1). Accordingly, the language "includes, but is not necessarily limited to the following as discovery may show…" is struck and Defendants' June Motion is GRANTED. (Doc. 24).

recklessness/reckless conduct against Defendants on the basis that Medley does not allege sufficient facts to support the claim. (Doc. 26, at 203). Secondly, Defendants move for a more definite statement as to specific paragraphs in Medley's complaint, or, alternatively, move to strike those paragraphs if Medley does not provide the requisite specificity. (Doc. 26, at 3).

On September 20, 2021, Defendants filed an unopposed motion to consolidate cases, asserting that the three lawsuits involve common questions of law and fact, as they all arise out of the same motor vehicle accident, and involve claims of negligence against Defendants. (Doc. 21, at 3-4). After Plaintiffs' counsels certified a concurrence to the motion to consolidate, the Court granted the motion on September 22, 2021. (Doc. 21-2, at 1; Doc. 22). In a telephonic status conference on September 28, 2021, the parties agreed that the aforementioned August Motion is still pending. (Doc. 31, at 1-2). The motion has been fully briefed and is ripe for disposition. (Doc. 26; Doc. 27; Doc. 28; Doc. 29; Doc. 32).

## II.   LEGAL STANDARDS

### A.   RULE 12(B)(6) MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint are true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although a court must accept the factual allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir.

2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, the United States Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

B. Rule 12(e) Motion for a More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure authorizes a defendant to move "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must ... point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Rule 10(a) requires, among other things, that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). A motion for a more definite statement is one tool by which a defendant may seek to remedy alleged deficiencies under Rule 10. *See, e.g., Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

However, "[a] motion for a more definite statement is not a substitute for the discovery process[,]" and that such motions are not favored. *Wheeler v. United States Postal Service*, 120

F.R.D. 487, 488 (M.D. Pa. 1987). Such motions are typically only granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Maya v. Chertok, et al.*, No. 1:15-CV-00484, 2015 WL 5254377, at *2 (M.D. Pa. Sept. 9, 2015) (quoting *Morris v. Kesserling, et al.*, No. 1:9-CV-1739, 2010 WL 4362630, at *1 (M.D. Pa. Oct. 27, 2010) (quotations omitted)); *see Schaedler v. Reading Eagle Publ'n*, 370 F.2d 795, 798 (3d Cir. 1966) (such motions are "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading"). The opposing party must be unable to respond, "even with a simple denial[ ] in good faith or without prejudice to himself." *Brueggman v. Fayette Cty, et al.*, No. 95-CV-446, 1995 WL 606796, at *4 (W.D. Pa. Aug. 17, 1995); *see Kimberton Healthcare Consulting, Inc. v. Primary PhysicianCare, Inc.*, No. 11-CV-4568, 2011 WL 6046923, at *3 (E.D. Pa. Dec. 6, 2011) ("a motion for a more definitive statement is generally ... used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail").

### III.   DISCUSSION

This action arises out of a November 6, 2019, motor vehicle accident that occurred on Route 901 near Valley Road in Foster Township, Schuylkill County, Pennsylvania. (Doc. 21-4, at 30). In the August Motion, Defendants move for dismissal of Medley's claims of recklessness/reckless conduct against Defendants on the basis that Medley's complaint does not assert a facially plausible claim for recklessness/reckless conduct. (Doc. 26, at 2-3). Additionally, Defendants move for a more definite statement as to several paragraphs of Medley's complaint, or, alternatively, move to strike those paragraphs if Medley does not provide the requisite specificity. (Doc. 26, at 3). In response, Medley contends that the complaint asserts sufficient facts to support a claim of recklessness/reckless conduct and that

Defendants possess information regarding the motor vehicle collision that will further support his claims once discovery is complete. (Doc. 29, at 6).

A. RULE 12(B)(6) MOTION TO DISMISS

Defendants move to dismiss Plaintiff's claim of recklessness/reckless conduct contained in Paragraphs 8, 11, 11(s), 12, 14, 34, 34(s), 35, 36, and 38. (Doc. 27, at 4).[3] Defendants argue that the complaint fails to allege facts arising to the level of recklessness/reckless conduct by Defendants. (Doc. 27, at 8). Specifically, Defendants assert that Medley does not allege facts that warrant an inference that Defendants knew or should have known that their actions would cause injuries to others, or facts that show Defendants deliberately proceeded to take actions or omissions in conscious disregard of a known risk to Medley. (Doc. 27, at 9). In response, Medley argues that Pennsylvania law allows a plaintiff to generally aver reckless conduct and does not require a plaintiff to specifically plead facts to support a claim of recklessness. (Doc. 29, at 4). Further, Medley argues that the allegation of recklessness is relevant to the lawsuit and could affect the result of the case once discovery is complete. (Doc. 29, at 5).

To determine whether Medley met his burden in this case, the Court reviews appliable Pennsylvania law. *See Erie v. Tompkins,* 304 U.S. 64, 78 (1938). A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk

---

[3] Defendants also move to dismiss the allegations of recklessness/reckless conduct Medley asserts against CW Transport, Inc. (a Pennsylvania Corporation), and CW Transport, LLC (a Maryland Limited Liability Corporation), enumerated in Paragraphs 18, 18(s), 19, 20, 22, 26, 26(s), 27, 28, and 30. (Doc. 26, at 3 n.1). On September 2, 2021, the Court approved a stipulation to dismiss CW Transport, Inc. (a Pennsylvania Corporation), and CW Transport, LLC (a Maryland Limited Liability Corporation), without prejudice. *Medley*, No. 21-CV-01339 (M.D. Pa. Sept. 2, 2021), ECF No. 9. Therefore, the allegations in Paragraphs 18, 18(s), 19, 20, 22, 26, 26(s), 27, 28, and 30 are DISMISSED without prejudice. (Doc. 21-4, at 33-41).

is substantially greater than that which is necessary to make his conduct negligent." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).

> An actor's conduct is in reckless disregard of the safety of others if "he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent."

> *White v. Trybala*, No. 3:19-CV-14, 2019 WL 2119982, at *3 (M.D. Pa. May 15, 2019) (quoting Restatement (Second) of Torts § 500).

Here, Medley alleges that Abdulle was operating a tractor-trailer, owned by CW Transport, at an unsafe speed when the tractor-trailer tipped over, landing directly onto the cab of a tractor-trailer occupied by Medley. (Doc. 21-4, at 30; Doc. 29, at 2). According to Medley, Abdulle was driving the tractor-trailer in a negligent, careless, and/or reckless manner as to cause the motor vehicle collision. (Doc. 21-4, at 30). At this stage, viewing the allegations in the light most favorable to the Plaintiffs, the Court finds that Medley has alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence of" recklessness/reckless conduct in their assertion that Abdulle was operating the tractor-trailer at an unsafe speed when it tipped over. *Twombly*, 550 U.S. at 556; *see White v. Trybala, et al.*, No. 3:19-CV-14, 2019 WL 2119982, at *3 (M.D. Pa. May 15, 2019) (denying defendants' motion to dismiss because plaintiff pled enough facts to reveal evidence of reckless conduct where plaintiffs alleged the defendant was driving a tractor-trailer in an endangering fashion when he hit plaintiff's vehicle). As such, the Court will deny Defendants' motion to dismiss Medley's claims of recklessness/reckless conduct. (Doc. 26).

B.   RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT

Secondly, Defendants move for a more definite statement as to Paragraphs 26(q),

26(r), 34(q), and 34(r) of Medley's complaint, or, alternatively, to strike those paragraphs if Medley cannot provide the requisite specificity. (Doc. 26, at 3). In addition to the aforementioned paragraphs, Defendants take umbrage with Paragraphs 18(q) and 18(r).[4] (Doc. 26, 3 n.2). Defendants argue that these "vague, open-ended catchall allegations of negligence" do not meet the specificity requirements of Federal Rule of Civil Procedure 8. (Doc. 27, at 5). Further, Defendants assert that Medley's claims "leave Defendants to guess as to which statutes and ordinances that Plaintiff believes that Defendant violated" and provide him "with free, unchecked license to amend or change his theories of liability during the pendency of this lawsuit." (Doc. 27, at 12). In response, Medley states that "Defendants are put on notice to prepare an adequate response or defense to the statements alleged" and argues that he is not required to plead more than the material facts necessary to sustain a recovery. (Doc. 29, at 6). Medley does not refer to the contents of the disputed paragraphs or provide additional support for his allegations. (Doc. 28, at 2; Doc. 29, at 5-6).

In applying the standard for a Rule 12(e) Motion, the Court grants Defendants' motion with respect to the following paragraphs:

> ¶ 18(q), 26(q), 34(q): Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the Township of Foster and Schuylkill County and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

> ¶ 18(r), 26(r), 34(r): Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

> (Doc. 21-4, at 34-35, 39, 43).

---

[4] Defendants' brief in support states: "If Plaintiff cannot re-plead Paragraphs 22(m), 25(m) and 28(m), they should be stricken from the Complaint." (Doc. 27, at 13). These subparagraphs do not exist in Medley's complaint; thus, the Court will deny this request. (Doc. 21-4, at 36-37, 40).

Recognizing that federal pleading requirements set a plausibility standard for civil complaints, the Court acknowledges that "[a] complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) *cert. denied*, 132 S. Ct. 1861 (2012) (quoting *Iqbal*, 556 U.S. at 678). Under Federal Rule of Civil Procedure 12(e), a defendant may move "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Federal Rule of Civil Procedure 8 provides that a complaint must give the defendant fair notice of the claims and the grounds on which it rests. *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-CV-1349, 2011 WL 6003841, at *3 (M.D. Pa. Nov. 30, 2011).

In *Harvell v. Brumberger*, the Court adopted a report and recommendation in an automobile accident suit, granting in part and denying in part the defendants' motion for a more definite statement. No. 3:19-CV-2124, 2020 WL 6946575, at *11 (M.D. Pa. Nov. 25, 2020). The Court applied the Rule 12(e) standard to disputed allegations in paragraphs and subparagraphs of the plaintiff's complaint, including: "Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of New Milford Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania." *Harvell*, 2020 WL 6947693, at *11. Adopting the findings of *Carson v. Trucker*, No. 5:20-CV-00399, 2020 WL 1953655 (E.D. Pa. Apr. 23, 2020), the Court found that these allegations are "impermissibly vague" and that "the manner in which these allegations are pled 'do[es] not allow for Defendants to answer or amount a defense.'" *Harvell*, 2020 WL 6947693, at *11 (quoting *Carson*, 2020 WL 1953655, at *6). Analyzing

similar language to the allegations within Medley's complaint, the Court concluded that the allegations, as currently pleaded, did not sufficiently put the defendants on notice of the exact federal, state, or local statutes or regulations it would be required to defend against. *Harvell*, 2020 WL 6947693, at \*11. Thus, the Court ordered the plaintiffs to replead the disputed allegations and set forth the specific statutes or regulations that they alleged the defendants had violated. *Harvell*, 2020 WL 6947693, at \*11.

Here, the allegations enumerated in Paragraphs 18(q), 18(r), 26(q), 26(r), 34(q), and 34(r) are nearly identical to the allegations the *Harvell* court held to be, "as currently pleaded, [insufficient to] put the defendants on notice of the statutes and/or rules it will be required to defend against." 2020 WL 6947693, at \*11; (Doc. 21-4, at 34-35, 39, 43). Such vague reference to "applicable laws and ordinances of the Township of Foster and Schuylkill County and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles" and "laws of the Commonwealth of Pennsylvania" do not allow for Defendants to answer or mount a defense. (Doc. 21-4, at 34-35, 39, 43); *see Harvell*, 2020 WL 6947693, at \*11. Therefore, the Court will grant Defendants' motion for a more definite statement. (Doc. 26).

C. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp., et al.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this

case, the Court will grant Grajales-El leave to file a second amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson*, 293 F.3d at 108.

Medley may be able to cure the defects identified in the complaint with a more detailed pleading. Accordingly, the Court will grant Medley leave to re-plead the allegations in Paragraphs 18(q), 18(r), 26(q), 26(r), 34(q), and 34(r) of the complaint in accordance with this Memorandum. (Doc. 21-4, at 34-35, 39, 43). Specifically, Medley shall have the opportunity to set forth the specific statutes or regulations he alleges Defendants violated. (Doc. 21-4, at 34-35, 39, 43); *see Harvell*, 2020 WL 6947693, at *11. Should Medley choose to re-plead, he shall have thirty (30) days from the date of this Memorandum to file an amended complaint setting forth allegations in support of this civil action against Defendants.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' June Motion is **GRANTED**. (Doc. 24). In addition, Defendants' August Motion is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 26).[5]

An appropriate Order follows.

                                             BY THE COURT:


Dated: December 31, 2021                     s/ Karoline Mehalchick
                                             **KAROLINE MEHALCHICK**
                                             **Chief United States Magistrate Judge**

---

[5] On November 5, 2021, Plaintiff filed a motion for leave to file an amended complaint (Doc. 34). In light of the Court's determination that Plaintiff should be granted leave to file an amended complaint in accordance with the above, Plaintiff's motion is **GRANTED**.